UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE BINFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:18-cv-03272-KJN<br><br>ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 14, 15) |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II of the Social Security Act.[1] In her summary judgment motion, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in discounting Plaintiff's subjective symptom testimony and the opinion of her treating physician. The Commissioner opposed and filed a cross-motion for summary judgment.

The Court GRANTS the Commissioner's motion for summary judgment, DENIES Plaintiff's motion, and AFFIRMS the Commissioner's decision.

///

///

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and the parties consented to the jurisdiction of the undersigned for all purposes. (See ECF Nos. 8, 9.)

1

**I.  BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS**[2]

Plaintiff applied for disability insurance benefits on August 18, 2016, alleging an onset date of January 1, 2016 (Administrative Transcript ("AT") 198.) Plaintiff claimed the following medical conditions: diabetes, sleep apnea, nausea, plantar faciatis, migraine headaches, confusion, fatigue, incontinence, and pain in her feet, back, and legs. (AT 260.) Plaintiff's application was denied initially and again upon reconsideration. (AT 116, 124.) Plaintiff, aided by an attorney, sought review of these denials with an ALJ hearing. (AT 130-31.) At a June 21, 2018 hearing, Plaintiff testified about her conditions, and the ALJ heard testimony from a vocational expert regarding Plaintiff's ability to work. (AT 12-56.)

On August 24, 2018, the ALJ issued a decision determining that Plaintiff was not disabled. (AT 97-115.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since the alleged onset date of January 1, 2016. (AT 103.) At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus with peripheral neuropathy, obesity, and migraine headaches." (Id.) The ALJ also determined

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A parallel five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

that Plaintiff had the following non-severe impairments: "non-ruptured cerebral aneurysm, mild sleep apnea, foot impairments, urinary tract infections, hypertension, narcolepsy, and hepatitis C." (Id.) At step three, the ALJ determined that the severe impairments did not meet or medically equal a listed impairment. (AT 105.)

Based on this information, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform "less than a full range of light work," with the following limitations:

> [She has] the ability to lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; to stand and walk for 2 hours in an 8-hour day, with normal breaks; and to sit for 8 hours in an 8-hour day, with normal breaks. [She] is unable to climb ladders, ropes or scaffolds; she is limited to occasional stooping, kneeling, crouching and crawling; and she is unable to work at unprotected heights. In addition, [she] is able to receive, remember, understand and carry out simple job instructions, frequent detailed job instructions, and occasional complex job instructions; she is able to interact appropriately with co-workers, the general public and supervisors, she is able to adjust to simple changes in the workplace, occasionally adjust to detailed changes in the workplace, and is able to make workplace judgments.

(AT 106.) In reaching this conclusion, the ALJ considered Plaintiff's symptoms, the objective medical evidence in the record, and the opinions provided by treating, examining, and consulting medical professionals. (AT 107-10.) Relevant here, the ALJ found that the alleged severity and limiting effects of Plaintiff's reported symptoms were not consistent with the medical and other evidence in the record. (AT 109.) The ALJ also gave "[give] no significant weight" to the opinion of Plaintiff's treating physician regarding her physical or psychological limitations, as expressed in a "Reasonable Accommodation Questionnaire." (AT 108.) The ALJ found this physician's expression of disability one reserved for the Commissioner, and found the expressed limitations to be inconsistent with the findings of an examining and two consulting physicians. (Id.) Ultimately, the ALJ concluded at step four that Plaintiff was capable of performing past work "as an accounting clerk and an advertising clerk," and "there are other jobs that exist in significant numbers in the national economy" that Plaintiff can also perform. (AT 110.)

On November 5, 2018, the Appeal Council denied Plaintiff's appeal of the ALJ's decision. (AT 1-6.) Plaintiff then timely filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgement. (ECF Nos. 1, 14, 15.)

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision de novo, and should reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Buck v. Berryhill, 869 F.3d 1040, 1048 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Id. The Court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, the Court may not reverse the ALJ's decision on account of harmless error. Buck, 869 F.3d at 1048.

## III. ISSUES PRESENTED

Plaintiff alleges two main errors on the ALJ's part: (A) Plaintiff argues that the ALJ improperly discounted her testimony regarding the severity and limiting effects of her subjective symptoms, including her reported daily activities; and (B) Plaintiff argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Cohen, as expressed in a "Reasonable Accommodation Questionnaire." Plaintiff requests that the Court award benefits, or, in the alternative, remand for further proceedings. (ECF No. 14.)

The Commissioner counters each of Plaintiff's arguments, and contends that substantial medical evidence of record supported the ALJ's decision to discount Plaintiff's subjective symptoms and the opinion on the Questionnaire. (See ECF No. 15 at 8-17.) Thus, the Commissioner maintains that the ALJ's opinion should be affirmed. (ECF No. 15.)

## IV. DISCUSSION

### A. The ALJ did not err in discounting Plaintiff's subjective symptom testimony.

Plaintiff alleges that the ALJ did not provide legally sufficient reasons for discounting her testimony that her impairments prevent her from working and completing basic tasks of daily living. (ECF No. 14 at 6.) In evaluating Plaintiff's subjective symptom testimony, the ALJ found that Plaintiff satisfied the first part of the required two-step analysis—Plaintiff has an impairment

that could reasonably cause her alleged symptoms—but the ALJ discounted Plaintiff's claims about the severity and limiting effects of those symptoms. (AT 106-10.) The ALJ provided two main reasons[3] for discounting her subjective symptom testimony. First, the ALJ found that Plaintiff's claim that her diabetes causes persistent fatigue and nausea, among other symptoms, is inconsistent with "medical evidence of record demonstrat[ing] that her diabetes has been well-controlled," and that Plaintiff has "not always been compliant using her insulin and oral tablets." (AT 109-10.) Second, the ALJ found that Plaintiff could "perform a significant number of activities of daily living" such as household chores, going shopping with help, walking without assistance, and driving. (AT 109.)

**Legal Standard**

A claimant's statements of subjective symptoms alone is insufficient grounds to establish disability. 20 C.F.R § 404.1529(a). If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. See Treichler v. Comm'r of SSA, 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating a claimant's report of his or her symptoms, the Ninth Circuit has proffered the following two-step analysis:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting Garrison v. Colvin, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

---

[3] The first reason the ALJ provided was that "despite their allegations, including allegations of being able to lift only 5 pounds, Dr. Schwartz and medical consultants determined that she was able to lift up to 20 pounds occasionally and 10 pounds frequently." (AT 109.) Plaintiff does not challenge this finding, and the Court finds it immaterial to Plaintiff's raised challenges.

5

The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: the effectiveness of or noncompliance with a prescribed regime of medical treatment, inconsistencies between a claimant's testimony and their conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008); Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R § 404.1529(c)(2)).

**Analysis**

1. The ALJ properly considered ambiguities in the medical evidence and Plaintiff's non-compliance with her prescribed course of treatment in discounting Plaintiff's subjective symptom testimony.

In essence, Plaintiff contends that her severe pain and impairments render her completely disabled. Plaintiff's chief complaints are that she has frequent dizzy spells, headaches, nausea, and fatigue, and difficulty with concentrating and staying awake, especially when trying to work or otherwise focus on anything. (See, e.g., AT 20-48, 285-94, 304-11.) Plaintiff mainly attributes these symptoms to her diabetes or narcolepsy, but does not provide any objective medical evidence to substantiate these claims; instead, Plaintiff relies solely on her own written and verbal testimony. (See ECF No. 14 at 6 (citing AT 17-50, 285-94, 304-14).) The ALJ not only found Plaintiff's reported symptoms to be uncorroborated by any objective medical evidence, but found that Plaintiff's claims were inconsistent with other medical evidence in the record, including the opinions of several medical professionals. (AT 106-10.)

Throughout several years of medical records, Plaintiff's long-term primary care physician, Dr. Cohen, repeatedly described Plaintiff's diabetes and blood sugar levels as well controlled, despite her claims otherwise. (See, e.g., AT 407, 821.) Thus, the ALJ properly considered this discrepancy between Plaintiff's claim of uncontrolled and totally debilitating diabetes and years of contradictory medical records from her treating physician. Furthermore, Dr. Karzoun, a treating-physician and sleep specialist, found "no evidence for narcolepsy" in addition to Plaintiff's "mild sleep-apnea." (AT 1040.) Thus, records show that the purported causes of Plaintiff's allegedly debilitating symptoms—diabetes and narcolepsy—are largely inconsistent with other objective medical evidence in the record. While a lack of corroborating objective medical evidence alone is not dispositive, it is a permissible factor for the ALJ to consider. See Rollins, 261 F.3d at 857.

According to Dr. Cohen and Karzoun, both treating physicians, Plaintiff's symptoms are attributable, at least in-part, to Plaintiff's 12 prescribed daily medications and her failure to manage and monitor her diet and insulin treatment. (See, e.g., 335, 821, 1502.) In evaluating and discounting Plaintiff's subjective symptom testimony, the ALJ properly considered Plaintiff's failure to follow her prescribed course of treatment, which is recognized as a sufficient and "clear and convincing" reason for doing so. See Tommasetti, 533 F.3d at 1039 ([T]he ALJ may consider . . . [the] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment . . . ."); see, e.g., Rys v. Berryhill, 2018 LEXIS 9088, at *32 (C.D. Cal. Jan. 19, 2018) ("[I]nadequately explained failure to take prescribed medications constitutes a clear and convincing reason for discounting Plaintiff's testimony.").

Plaintiff claims her failure to take her medication is excusable due to memory problems. (ECF No. 14 at 10 (citing AT 19-20, 47-48, 290, 309).) This testimony is inconsistent, however, with the opinions of examining and consulting medical professionals who opined that Plaintiff has only mild mental impairments, including memory. (See, e.g., AT 66, 84, 798-99, 1313.) In light of only mild memory limitations, along with the years of frequent medical visits that included repeated reminders to take her medication and enact necessary life-style changes, it appears Plaintiff's failure to heed her doctor's advice is more a result of negligent self-care than

7

excusable forgetfulness. See Tommasetti, 533 F.3d at 1039; see also Haack v. Colvin, 2015 U.S. Dist. LEXIS 95999, at *39 (D. Minn. June 19, 2015) (finding that noncompliance with treatment constituted sufficient grounds to discredit Plaintiff's complaints where medical records indicated that the plaintiff sporadically monitored their diabetes and failed to follow their doctor's treatment recommendations, despite Plaintiff's claim that treatment was ineffective). Furthermore, the ALJ's reliance on Dr. Cohen's statement that the "claimant was able to perform competently when her symptoms were stable" provides additional support to discredit Plaintiff's subjective complaints. (AT 108.) It is entirely possible that Plaintiff's symptoms are stable when Plaintiff follows her prescribed course of treatment—monitoring blood glucose, taking insulin and other medications, and following a proper diet—and that her symptoms are exacerbated when she is non-compliant. See Tommasetti, 533 F.3d at 1039.

2. The ALJ's consideration of Plaintiff's daily activities was harmless error.

Plaintiff contends that the ALJ failed to explain how Plaintiff's limited ability to do daily tasks permits her to obtain and maintain a job. Specifically, Plaintiff contends that the ALJ failed to explain how "any spare activity" that she reported being able to do is inconsistent with Plaintiff's reported symptoms and limitations. (ECF No. 14 at 9-11.) In determining that the severity and limiting effects of Plaintiff's reported symptoms are not as significant as alleged, the ALJ stated, "the claimant and her fiancée revealed that she was able to perform a significant number of activities of daily living, including doing household chores with help and going shopping." (AT 109.) The ALJ continued, "[t]he claimant was also reported to be able to drive herself, to have no abnormalities with gross or fine motor abilities, to ambulate without assistance, and [sic] complete basic chores on her psychological evaluation." (AT 109.) As the Ninth Circuit has indicated, this was error. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (finding that the mere fact that someone can carry out some daily activities does not detract from their disability) (citations omitted); see also Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("[T]he ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony."). The ALJ failed to mention how Plaintiff's reported activities are in any way compatible with work skills or the workplace generally. See Orn, 496 F.3d at 639; Vertigan

8

v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). Additionally, the ALJ did not discuss how these reported activities contradict or are inconsistent with other testimony in the record. The ALJ merely recited several instances of Plaintiff's reported activities without any further explanation. (AT 109.) Although Plaintiff's reported activities do, to some extent, discredit her claim of having *totally* debilitating impairments, it is well established that being able to do some activities, including assisting in household chores, is not inconsistent with being disabled. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2011); Vertigan, 260 F.3d at 1050.

However, this error was harmless, as the undersigned has already found above that the ALJ properly relied on Plaintiff's failure to follow her prescribed course of treatment and the inconsistencies between Plaintiff's testimony and the objective medical evidence of record. (See Section IV.A.1 above.) As long as at least one of the ALJ's reasons support discounting Plaintiff's subjective symptom testimony, the Court applies a harmless error standard. See Molina, 674 F.3d at 1115. An error is deemed harmless so long as "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" Id. (quoting Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004)).

**B.    The ALJ properly discounted a Questionnaire composed by a treating physician.**

Plaintiff contends that the ALJ failed to provide a legally sufficient rationale for rejecting a medical opinion of Plaintiff's treating physician, Dr. Cohen. (ECF No. 14 at 13.) Plaintiff's argument is based on two alleged errors: that the ALJ misconstrued Dr. Cohen's description of Plaintiff's condition as "stable," and that the ALJ erroneously found Dr. Cohen's opinion to be inconsistent with other medical evidence. (ECF No. 14 at 14-15.) Plaintiff cites to Dr. Cohen's opinion, set forth in a December 12, 2015 Reasonable Accommodation Questionnaire.[4] (See AT 393-98.)

---

[4] Plaintiff does not cite to any other documentation or records to support the opinion set forth by Dr. Cohen in the Questionnaire, except the fact that Dr. Cohen treated Plaintiff at Kaiser Permanente over the course of several years. (See ECF No. 14 at 13.) Thus, the Court finds that the Questionnaire may reasonably be construed as Dr. Cohen's opinion in this matter, and, as explained below, one that essentially goes to the ultimate question of Plaintiff's physical abilities and disability status.

**Legal Standard**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202. The medical opinion of a claimant's treating doctor is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating doctor's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability, and consistency with the record. 20 C.F.R. § 404.1527(c)(2)-(6).

In order to evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the Court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. Lester, 81 F.3d at 831. A treating physician's opinion is not conclusive as to physical condition or disability, and "the ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 2011). To reject the uncontradicted opinion of a treating or examining doctor, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." Ryan v. Comm'r, 528 F.3d 1194, 1198 (9th Cir. 2008). Conversely, the contradicted opinion of a treating or examining doctor may be rejected for "specific and legitimate" reasons. Lester 81 F.3d at 830. An ALJ provides "specific and legitimate reasons" by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings." Magallanes, 881 F.2d at 751.

**Analysis**

The ALJ provided several reasons for "giv[ing] no significant weight to Dr. Cohen's opinions relating to the claimant's physical or psychological limitations." (AT 108.) The ALJ

noted that "Dr. Cohen's determinations are not consistent with other substantial medical evidence of record," and "Dr. Cohen acknowledged that the claimant was able to perform competently when her symptoms were stable." (AT 108.) The ALJ also construed Dr. Cohen's statements regarding Plaintiff's "ability to work, interact with others, and perform manual tasks" as an ultimate opinion of disability that is "reserved for the Commissioner." (AT 108.) Subsequently, the ALJ extensively outlined the medical findings of examining physician Dr. Schwartz and the opinions of two non-examining medical consultants. (See AT 108-09.)

The Questionnaire, which Dr. Cohen completed at the request of Plaintiff for her prior employment, is a five-page series of largely check-box, fill-in-the-blank, and short answer questions that "help determine whether an employee has a disability" and "whether an accommodation is needed." (See AT 393-98.) On the form, Dr. Cohen checked "yes" to several boxes noting that Plaintiff has a physical or mental impairment that affects multiple major life activities, which he indicated will last for an "unknown/ill-defined" amount of time. (AT 394.) Dr. Cohen also marked boxes indicating that Plaintiff's abilities in "interacting with others," "performing manual tasks," "working," and "concentrating," are impaired. (AT 394.) Dr. Cohen did write that Plaintiff's "limitations are on an intermittent basis . . . [with an] unclear future," and that when symptoms such as fatigue, nausea, and decreased concentration are exacerbated, "time off and/or reduced hours may be necessary to manage symptoms." (AT 394-95, 398.) However, he also noted that "when symptoms [are] stable, [Plaintiff] reports competent performance." (AT 395.)

The ALJ's decision to discount Dr. Cohen's opinions in the Questionnaire is not error. The legal standard requires an ALJ to state "specific and legitimate reasons" to discount a conflicting medical opinion, which is done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [an] interpretation thereof, and making findings." Magallanes, 881 F.2d at 751. Here, the ALJ provided a thorough discussion of examining physician Dr. Schwartz's finding and those of medical consultants Dr. Sheehy and Dr. Amon. (See AT 108-09.) The ALJ then explained how these findings are inconsistent with Dr. Cohen's opinions. (See Id.) The sporadic nature of Plaintiff's symptoms is at least probative of

11

the intensity and limiting effects of Plaintiff's conditions, and to the extent that she is not totally disabled. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that an ALJ may discount testimony insofar as they contradict claims of totally debilitating impairment). Further, the Questionnaire, considered in light of Plaintiff's years of medical records and Plaintiff's own testimony, explicitly and implicitly indicates that Plaintiff's diagnosis and prognosis are inconclusive—"unknown [and] ill-defined." (See AT 394-98.) When medical reports and testimony are inconclusive or conflicting, it is the ALJ's role to weigh evidence and resolve the conflict. See Magallanes, 881 F.2d at 751; see also Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (requiring that when medical evidence is subject to more than one rational interpretation, the ALJ's conclusion must be upheld). Thus, where the only concrete source of medical opinion from Plaintiff's treating physician is the brief and conclusory Questionnaire form, the ALJ was required to consider the opinions of other medical professionals in the record. See Magallanes, 881 F.2d at 751 ([An] ALJ need not accept "a treating physician's opinion which is 'brief and conclusory in form with little in the way of clinical findings to support [its] conclusion.'") (citation omitted).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Commissioner's motion for summary judgment (ECF No. 15) is GRANTED;
2. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED;
3. The decision of the Commissioner is AFFIRMED; and
4. The Clerk is directed to enter judgement in the Commissioner's favor and close the case.

Dated: March 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

binf.3272